J-A24026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREHON RAWLINGS | : | |
| | : | |
| Appellant | : | No. 496 EDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002086-2013

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 2, 2021**

Appellant, Brehon Rawlings, appeals from the January 21, 2021 Order dismissing as untimely his first Amended Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Contemporaneous with this appeal, Appellant's Counsel has filed an Application to Withdraw and an **Anders** brief.[1] After careful review, we affirm the Order and grant Counsel's Application to Withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel has requested leave to withdraw and filed a brief citing **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an appeal from the denial of a PCRA petition required that filing. However, because counsel is requesting leave to withdraw from his position as PCRA counsel, the correct standards under which counsel's request will be considered are the less stringent requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_). **See Commonwealth v.**
*(Footnote Continued Next Page)*

On November 10, 2014, a jury found Appellant guilty of numerous offenses, including Robbery of a Motor Vehicle, Rape, and Kidnapping. On March 9, 2015, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration followed by 5 years' probation. On May 27, 2015, Appellant appealed from his Judgment of Sentence, which this Court affirmed on November 17, 2016. **Commonwealth v. Rawlings**, No. 1597 EDA 2015 (Pa. Super., filed Nov. 17, 2016). Appellant did not file a Petition for Allowance of Appeal with the Supreme Court. Accordingly, his judgment of sentence became final on December 17, 2016. **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On November 29, 2018, Appellant filed the instant PCRA Petition *pro se*. On December 13, 2018, the court appointed PCRA counsel. After successfully moving for a series of extensions, Appellant filed an Amended PCRA Petition on January 21, 2020.

On October 20, 2020, the PCRA Court filed a Pa.R.Crim. 907 Notice informing Appellant of its intention to dismiss his PCRA Petition as untimely. Appellant did not file a response. On January 21, 2021, the PCRA Court dismissed the Petition. This timely appeal followed. Both the PCRA Court and Appellant complied with Pa.R.A.P. 1925.[2]

---

**Fusselman**, 866 A.2d 1109, 1111 n. 3 (Pa. Super. 2004) (noting that because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner/Finley** letter).

[2] Counsel did not append a copy of the Rule 1925(b) Statement to his Brief as required by Pa.R.A.P. 2111(d). This omission has not hampered our review.

Appellant presents the following issue on appeal:

Was the [PCRA] Court in error for dismissing Appellant's [PCRA Petition as untimely?]

Appellant's Br. at 4.

On June 23, 2021, Appellant's Counsel filed an Application to Withdraw, along with a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). In his Brief, Counsel asserts that the appeal is meritless because Appellant untimely filed his PCRA Petition without pleading the application of any exception to the PCRA time bar. Appellant did not file a response.

Before we consider Appellant's arguments, we review his counsel's request to withdraw from representation. Pursuant to **Turner**/**Finley**, counsel seeking to withdraw from representing a PCRA petitioner must conduct an independent review of the record. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must then submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have reviewed; and (3) providing an explanation of why the petitioner's issues are meritless. **Id.** Counsel must send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record confirms that Counsel has complied with the requirements of **Turner**/**Finley**. In his Brief, Counsel presents Appellant's

issue challenging the trial court's dismissal of the Petition as untimely without a hearing, describes his review of the record, and sets forth the applicable statutory authority before explaining why he believes the appeal lacks merit. Br. at 2-9. In addition, counsel sent Appellant copies of the Brief and his Application to Withdraw, and he advised Appellant of Appellant's rights in lieu of representation. Because Counsel complied with the **Turner**/**Finley** requirements, we will address Appellant's claim that the court erred in dismissing his Petition as untimely.

In order to obtain collateral review, a PCRA petitioner must file a petition within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review or when the time for seeking direct review expires. **Id.** at § 9545(b)(3). Thus, where, as here, an appellant does not petition the Supreme Court for review, his judgment of sentence becomes final thirty days after the Superior Court ruling. **Commonwealth v. Postie**, 200 A.3d 1015, 1020 (Pa. Super. 2018). **See also** Pa.R.A.P. 1113 (providing 30 days to file a petition for allowance of appeal with our Supreme Court).

The PCRA does provide exceptions to the one-year time bar. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In order to obtain review of a facially untimely PCRA petition, a petitioner must affirmatively plead and prove the applicability of one of these exceptions. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). A facially untimely petition which fails to plead and prove the applicability of one of the PCRA's timeliness exceptions must be dismissed.

***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that a PCRA court has no jurisdiction to hear an untimely petition that does not plead any of the PCRA's three timeliness exceptions). ***See also Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (stating that "if a PCRA petition is untimely, neither [any appellate] court nor the [PCRA] court has jurisdiction over the petition.").

Here, the PCRA Court dismissed Appellant's Petition as untimely, noting that Appellant failed to plead any of the statutory exceptions to the PCRA's time bar in his PCRA Petition. PCRA Ct. Op., 4/14/21, at 2. We agree.

Appellant's Judgment of Sentence became final on December 17, 2016, thus, his Petition filed on November 29, 2018, is facially untimely. Our review indicates that Appellant did not plead that any of the statutory exceptions to the time bar applied. Accordingly, the PCRA court properly dismissed the Petition as untimely.

Application to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/02/2021

- 5 -